REGAN, Judge.
Plaintiffs, Mr. and Mrs. Harry Goldstein, the latter as a passenger, instituted this suit against the defendants, Elbert Ellis, the owner of the taxicab, Sam Manguno, the operator, and their insurer, Nola Cabs, Inc., endeavoring to recover the sum of $43,499.-89, representing damages for personal injuries incurred by Mrs. Goldstein and medical and hospital expenses incurred by her husband as a result of an accident which occurred on December 6, 195S, at S :30 p. m. when Mrs. Goldstein attempted to enter the right rear door of the taxicab while it was stopped awaiting the movement of traffic in the right lane of Baronne Street about 15 feet removed from the uptown side of Common Street.
Defendants answered and admitted the occurrence of the accident but denied liability therefor and in explanation thereof asserted that the cause of the accident was the negligence of Mrs. Goldstein in attempting to enter the cab without the knowledge of the driver and in the alternative pleaded her contributory negligence.
From a judgment in favor of defendants dismissing plaintiffs’ suit, they have prosecuted this appeal.
It appears that only a question of fact is at issue, and that is whether Mrs. Goldstein attempted to enter the right rear door of the taxicab without the actual or constructive knowledge of the driver. The trial judge analyzed this question in his written reasons for judgment, which we quote hereinafter, and then dismissed plaintiffs’ suit.
“The record shows that Mrs. Gold-stein in company with her son, Herbert Garon, and her daughter-in-law, Mrs. Garon, left the National Bank of Commerce Building in this city where Mr. Garon’s law office was located, and proceeded to the uptown river corner of Baronne and Common Streets, where Mr. Garon attempted to hail a Liberty Bell cab driven by Sam Manguno.
“The record shows that the cab stopped some fifteen feet from the pedestrian walkway after having crossed Common Street, and in the right hand streetcar tracks of Baronne Street. The driver, Sam Manguno, testified he stopped because traffic in front of him had stopped. The petitioners allege that the cab was parked. All the evidence shows that the cab was in the right hand traffic lane of Baronne Street astride the streetcar tracks and fifteen feet past the intersection of Common and Baronne Street, in a position approximately abreast of the second window of the Sears Roebuck Store.
*76 “Mr. Garon testified that after he whistled and the cab stopped, it was necessary for him, in order to clirect the driver’s attention to him, to call loudly, ‘Are you for hire?’ The testimony of Mr. and Mrs. Garon is that the driver answered ‘Yeah,’ and nodded his head. This the driver denies.
“According to the testimony of the plaintiff, her son and her daughter-in-law, Mr. Garon proceeded for a distance along the pedestrian walkway crossing Baronne Street and then on a diagonal toward the left rear door of the taxicab; that he nudged his mother and beckoned her to go around the rear of the cab and enter it from the right hand side; that Mr. and Mrs. Garon got into the cab from the left hand side and that Mrs. Goldstein proceeded around the rear of the cab, opened the right hand door and had one foot in the cab when the cab started to move forward.
“It is significant here to state that Mr. Garon did not verbally direct his mother to get in the right hand side of the cab, but merely nudged her in the side and motioned for her t.o go around the rear of the cab. Manguno testified that he had no knowledge of the events testified to by Mr. Garon and his wife; that he didn’t hear the whistle and that he never at any time saw Mr. and Mrs. Garon until the traffic in front of him moved on, which he testified was the cause of his stopping; that he moved a foot or so and heard his left rear door slam, looked in his mirror and saw Mr. and Mrs. Garon seated in his cab, and at this juncture Mrs. Garon called out for him to stop; that he immediately stopped and looked back and saw the plaintiff had the right rear door open; that she was struggling to get into the cab and went down in a sitting position and fell about one foot from the cab.
“Insofar as the plaintiff is concerned, this record does not show that the driver of the taxicab, Sam Manguno, ever accepted Mrs. Goldstein as a passenger, and the record does not show that the driver, Sam Manguno, had any knowledge that Mrs. Goldstein was attempting to board his cab via the right hand door.
“Under the circumstances, this court does not believe that Sam Manguno accepted Mrs. Goldstein as a passenger in his cab, nor that he was guilty of any negligence, because he had no knowledge that the plaintiff was going to enter the cab by the right rear door.”
The foregoing reasons for judgment reveal that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the cab operator’s version of the manner in which the accident occurred and therefore concluded that he was free of any negligence which contributed to the accident, and the proximate cause thereof was the negligence of Mrs. Goldstein in attempting to enter the right rear door of the taxicab without the actual or constructive knowledge of the driver.
The question which this appeal posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. The trial judge accepted the cab driver’s version thereof, and our analysis of the record convinces us that the evidence preponderates in his favor, and the judgment is therefore correct.
This is obviously a case which permits of the application of the accepted doctrine that the conclusions of the trial judge *77 will not be disturbed or reversed when questions of fact are exclusively encompassed by the judgment, unless clearly erroneous.
For the reasons assigned the ^-udgment appealed from is affirmed.
Affirmed.